UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 25-985 PA (AJRx) | Date | February 6, 2025 |
|---|---|---|---|
| Title | Jesse F. Swartz v. William Alsup, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by plaintiff Jesse F. Swartz ("Plaintiff"). (Docket No. 1.). The Notice of Removal purports to remove or transfer another case filed by Plaintiff in the Eastern District of California, Jesse F. Swartz v. William Alsup, et al., CV 24-2112 DC (CSKx) to this Court.

In the Eastern District case, Plaintiff seeks declaratory relief regarding his allegations of wrongdoing relating to his arrest, indictment and conviction in the criminal matter United States v. Swartz, 23-85 WHA. In the criminal case, Plaintiff was convicted by a jury on November 27 2023 of violating 18 U.S.C. § 111(a)(1), assaulting a court security officer. In the Eastern District case, Plaintiff names as defendants the federal district court judge who presided over the criminal trial and the federal prosecutor who prosecuted the case. The Magistrate Judge has already issued a Report and Recommendation recommending dismissal of the Eastern District action with prejudice for lack of subject matter jurisdiction, failure to comply with Fed. R. Civ. P. 8, and as barred by the doctrines of judicial and prosecutorial immunity. (Docket No. 17, Swartz v. Alsop, et al., CV 24-2112 DC (CSKx) (E.D. Cal.).) The Magistrate Judge also noted that Plaintiff claimed that he needed to file his action in the Eastern District because he had been declared a vexatious litigant in the Northern District. (Id.)

A plaintiff may not remove their own case. See 28 U.S.C. §§ 1441 ("may be removed by the defendant"); 1443 ("may be removed by the defendant"); 1446 ("defendant or defendants desiring to remove"). Nor can a plaintiff use the removal statute to move a case from one district to another. See 28 U.S.C. § 1441(a) (authorizing removal of a civil action brought in State Court of which the district courts have original jurisdiction). Plaintiff's improper attempt forum shop his case to a different – and now second – federal district court is not an appropriate method to escape an adverse ruling.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-985 PA (AJRx) | Date | February 6, 2025 |
|---|---|---|---|
| Title | Jesse F. Swartz v. William Alsup, et al. | | |

    For these reasons, the Court concludes that this matter was improperly filed here. This matter, CV 25-985 PA (AJRx) shall be closed, and case number CV 24-2112 DC (CSKx) remains open and pending in the Eastern District.

    IT IS SO ORDERED.